UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAMON FABIAN,

                            Plaintiff,

  -against-                                    9:16-CV-878 (LEK/DEP)

MICHAEL BUKOWSKI, Corrections
Officer, individually and in his official
capacity, *et al.*,

                            Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on the issue of damages following entry of default against Michael Bukowski, a former corrections officer with the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 22 ("Entry of Default"). Plaintiff Roman Fabian seeks a default judgment and compensatory damages of $800,000 for physical and emotional injuries he claims to have suffered as a result of Bukowski's use of excessive force. Dkt. Nos. 31 ("Motion"), 40-2 ("DeSimone Affirmation") at 2. For the following reasons, the Motion is granted in part.

**II.    BACKGROUND**

In July 2014, Plaintiff became an inmate at Ulster Correctional Facility. Dkt. No. 1 ("Complaint") ¶ 17. Several days after Fabian arrived at Ulster, Bukowski was conducting a morning head count and yelled at Fabian, telling him to "shut up." Id. After the head count, Bukowski took Fabian to an area of the prison outside the view of other inmates and without camera coverage. Id. Bukowski ordered Fabian to face a wall with his arms outstretched and legs

spread open. Id. Then, from behind, Bukowski kicked Fabian between the legs. Id. Fabian collapsed; despite Bukowski's orders to get up, Fabian had to crawl back to his cubicle in the dormitory. Id.

Fabian remained on the floor of his cubicle for almost an hour before reporting to the mess hall for lunch. Id. A sergeant then sent him to the facility's medical unit, which in turn loaded him into a van and drove him to a hospital in Albany. Id. The attack had ruptured Fabian's right testicle, a part of which was subsequently removed by doctors in emergency surgery. Id. ¶¶ 2, 17. Because of the attack, Bukowski was eventually charged with misdemeanor assault and fired from his job with DOCCS. Id. ¶ 10.

Fabian commenced this action on July 18, 2016, alleging constitutional and state-law tort claims against Bukowski and other defendants who are no longer parties to the case. Id. ¶¶ 10–11. Bukowski has not answered or otherwise appeared in this action, and the Clerk of the Court noted his default on October 20, 2016. Default. Fabian then moved for a default judgment against Bukowski on November 29, 2016. Mot.

In a Memorandum-Decision and Order dated April 25, 2017, the Court withheld decision on Fabian's Motion, "[b]ecause Fabian included no evidence or argument as to the appropriate amount of damages." Dkt. No. 32 ("April Order") at 13. The Court ordered Fabian to provide additional briefing and materials in support of his Motion. Id. at 14. Fabian filed such materials on August 21, 2017, Dkt. No. 38, but again the Court withheld decision on the Motion, because Fabian failed to provide sufficient particularity regarding the amount and types of damages to which he is allegedly entitled, Dkt. No. 39 ("September Order") at 4. Therefore, the Court again requested that he file supplemental briefing and materials in support of his Motion. Fabian

provided these materials on October 12, 2017. Dkt. Nos. 40 ("Letter Brief"), 40-1 ("Fabian Declaration"), DeSimone Affirmation, 40-3 ("Albany Medical Records"), 40-4 ("DOCCS Medical Records").

In these latest filings, Plaintiff has narrowed his request for damages to compensatory damages "in the amount of $800,000 . . .; $400,000 for past pain and suffering and $400,000 for future pain and suffering." DeSimone Affirmation at 2. Fabian alleges that he "experienced extreme pain and suffering" due to Bukowski's acts, "which continues to this day." Fabian Decl. at 2. He has submitted authenticated medical records in support of his claims. See Albany Med. Records at 1; DOCCS Med. Records at 1–2.[1]

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" Id. (alteration in original) (quoting Robertson, 2008 WL 2519894, at *3). Second, under Rule 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id. (quoting Robertson, 2008 WL 2519894, at *3).

---

[1] The cited page numbers for these documents were generated by the Court's electronic filing system ("ECF").

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. . . ." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Nevertheless, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." Amador v. Galbreath, No. 10-CV-6702, 2013 WL 1755784, at *2 (W.D.N.Y. Apr. 24, 2013) (quoting Bianco v. Seaway Indus. Servs, Inc., No. 03-CV-84, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004)). "The Court . . . must review the allegations in the complaint to determine if the elements of each claim have been adequately plead." Colon v. City of New York, No. 09-CV-8, 2012 WL 691544, at *4 (E.D.N.Y. Feb. 9, 2012), adopted by 2012 WL 686878 (E.D.N.Y. Mar. 2, 2012). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189.

Under Rule 55, damages in a default judgment may be determined by the court through a hearing. Fed. R. Civ. P. 55(b)(2); see also Greyhound, 973 F.2d at 158 ("Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."). However, a hearing is not necessary when the court relies "upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record," to calculate a damage award. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993). "[E]ven upon default, a court may not rubber-stamp the non-

defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." United States v. Hill, No. 12-CV-1413, 2013 WL 474535, at *1 (N.D.N.Y. Feb. 7, 2013) (alteration in original) (quoting Overcash v. United Abstract Grp., Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008)); see also Braccia v. D'Blass Corp., No. 08-CV-08927, 2011 WL 2848146, at *3 (S.D.N.Y. Jun. 13, 2011) ("When assessing damages, a court cannot rely on the plaintiff's statement of damages; rather damages must be established 'with reasonable certainty.'" (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997))), adopted by 2011 WL 2848202 (S.D.N.Y. Jul. 18, 2011). Such assessment "must be based on admissible evidence." Braccia, 2011 WL 2848146, at *3 (citing Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003)).

In addition, under Rule 54(c), "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "By limiting damages to what is specified in the demand for judgment, [Rule 54(c)] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer." Pauta v. Aena Mech. Corp., No. 11-CV-6374, 2014 WL 3855025, at *1 (S.D.N.Y. Jul. 25, 2014) (quoting Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007)). While a plaintiff is not required "to have demanded a sum certain [in the complaint] in order to recover on default," Ames v. STAT Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005), the plaintiff must provide sufficient certainty in the motion for default judgment to afford defendant a fair opportunity to object, see Pauta, 2014 WL 3855025, at *2

("Before that default judgment, Pauta served Aena with the motion for default judgment which demanded sums certain and afforded Aena an opportunity to object.").

IV. **DISCUSSION**

Based on Bukowski's default, Fabian's testimony, and the submission of medical records that corroborate such testimony, Fabian is entitled to a default judgment and compensatory damages for the use of force against him. Fabian has alleged that Bukowski, acting under the color of state law, maliciously and sadistically applied force against him in order to cause harm rather than to maintain or restore discipline, and such force caused significant injury. Compl. ¶¶ 10, 17; see Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009) (describing the "subjective" and "objective" components of a prisoner's Eighth Amendment excessive force claim). These allegations, which must be deemed admitted in light of Bukowski's default, are sufficient to entitle Fabian to a default judgment with respect to his § 1983 excessive force claim.[2]

"When a plaintiff has been the subject of excessive force by a state actor, he is entitled to recover damages to compensate him for any actual loss suffered as a result of the violation." Byrnes v. Angevine, No. 12-CV-1598, 2015 WL 3795807, at *6 (N.D.N.Y. Jun. 17, 2015) (citing Atkins v. City of New York, 143 F.3d 100, 103 (2d Cir. 1998)). "The ultimate goal in awarding compensatory damages is to make a plaintiff whole." Id. (citing Hollis v. City of Buffalo, 28 F. Supp. 2d 812, 826 (W.D.N.Y. 1998)). "In awarding compensatory damages, the Supreme

---

[2] While Fabian has also alleged various state law claims against Bukowski, including battery and intentional infliction of emotional distress, Compl. ¶¶ 41–51, "the measure of damages is the same under Section 1983 and under the state law claims," Colon, 2012 WL 691544, at *10. Damages provided pursuant to § 1983 are typically sufficient to compensate plaintiffs for their injuries. Id.; see also Dixon v. Agbai, No. 15-CV-850, 2016 WL 3702749, at *2 (S.D.N.Y. Jul. 8, 2016), adopted by 2016 WL 5660246 (S.D.N.Y. Sep. 28, 2016). Therefore, the Court will not address Fabian's state law claims.

Court has mandated that there be proof of actual injuries resulting from the deprivation of a constitutional right; damages may not be awarded based upon the abstract value of the right itself." Colon, 2012 WL 691544, at *10 (citing Carey v. Piphus, 435 U.S. 247, 266 (1978)). "In determining the amount of compensatory damages to appropriately award, a court should consider amounts awarded in similar cases." Byrnes, 2015 WL 3795807, at *6 (citing Hollis, 28 F. Supp. 2d at 826).

Here, Fabian has submitted admissible evidence documenting the actual injuries that he suffered due to Bukowski's actions. See Albany Med. Records at 41 (describing the surgery required to repair Fabian's "right testicular rupture"). However, despite the fact that Fabian had three opportunities to submit evidence in support of his damages claim, he failed to submit all but cursory information regarding his current condition; Fabian did not provide any corroboration for his statement that the pain and suffering he experienced on July 22, 2014, "continues to this day." Fabian Decl. at 2; cf. Amador, 2013 WL 1755784, at *2 (describing testimony of Plaintiff's doctor regarding ongoing psychological injuries); Ortiz v. Lasker, No. 08-CV-6001, 2010 WL 3476017, at *2 (W.D.N.Y. Aug. 30, 2010) (describing Plaintiff's testimony regarding ongoing psychological injuries and corroborated treatment plan). In fact, the DOCCS Medical Records, dated May 15, 2015, do not describe any ongoing health problems or mental health concerns. E.g., DOCCS Med. Records at 4–5, 15.

With respect to the grievous injury that Fabian suffered on July 22, 2014, "[t]he amounts awarded in excessive-force cases against police and corrections officers within this circuit run the

7

gamut." Byrnes, 2015 WL 3795807, at *8. In addition to the cases submitted by Plaintiff,[3] the Court has reviewed compensatory damages awards in other comparable cases involving injuries to male genitalia that did not cause infertility or long-term sexual dysfunction and has determined that Fabian's request for $400,000 for past pain and suffering is appropriate. See, e.g., Dominguez v. Fixrammer Corp., 656 N.Y.S.2d 111, 113 (Sup. Ct. 1997) (awarding $485,660 for past pain and suffering to plaintiff who required surgery to remove one testicle after workplace injury); Wagner v. Kenific, 557 N.Y.S.2d 650, 653 (App. Div. 1990) (awarding $375,000 for past pain and suffering to plaintiff whose genitals were burned by an exploding urinal).

However, as described above, Fabian has not presented any substantiated evidence regarding his ongoing pain and suffering. Therefore, the Court denies his request for an additional $400,000 to compensate for future pain and suffering. Cf. Dominguez, 656 N.Y.S. 2d at 115–16 (awarding plaintiff *de minimis* damages for future pain and suffering, because his doctor "testified that there was no injury to the penis, removal of the damaged testicle removed the pain of the testicle, plaintiff could sustain an erection, and loss of the testicle did not affect normal penile blood flow affecting sexual performance . . . ").

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Fabian's Motion (Dkt. No. 31) for default judgment is **GRANTED in part**; and it is further

---

[3] The Court notes that Plaintiff's counsel failed to provide proper citations for these cases, Dkt. No. 38-1 at 2, making the Court's research more difficult.

**ORDERED**, that judgment enter for Fabian against Bukowski in the amount of $400,000; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 30, 2017
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge